Okay, good morning, Your Honors, and may it please the Court. Michael Weinstein for the appellant, Keith Mitchell. Your Honors, this case presents a very narrow jurisdictional issue, and it should be resolved in our favor because this case is on all fours with Hunt v. Plyler. The procedural posture of Hunt is substantially similar to the procedural posture in this case, and the order that this Court found to be null and void in Hunt is virtually identical to the order at issue here. So in Hunt, the procedural setup was just like this case. The respondent filed a motion to dismiss the petition as mixed. The petitioner then filed an opposition, and the magistrate judge issued an order, and that order did three things.  First, second, that order gave the petitioner an ultimatum. Delete your unexhausted claims, or your petition will be dismissed. And then third, the order gave the petitioner leave to file a motion to amend. Well, the difference is, I gather, that she didn't say your petition will be dismissed. She said, I recommend to the district court that your petition be dismissed. Right. Whereas Hunt, it was very confusing, but at some point she seemed to be saying, I'm going to dismiss. Well, I'm not sure if that's actually correct, because if you're looking at the order in Hunt, the one that this Court found to be null and void, it was a November, I think, 22nd order. And that order just says the petition will be dismissed. But if you look at other orders down the line, the magistrate judge gave the petitioner the same warning, and that warning was the warning at issue here, which is, I will recommend that your petition be dismissed. So I think the reasonable inference is that the warning that was issued in later orders is the same warning that was issued in the November 22nd order. Well, he says he's going to recommend that the petition be dismissed. That's what's going to happen. Correct. And then the petition would be barred by the statute of limitations because it's dismissed. It would not only be barred by the statute of limitations, but then it would be subject to the really strict requirements for second and successive petitions. So ultimately, given the nature of this work, that's a dismissal with prejudice. Why isn't the easier way into this case the stay order and the Regala case? I mean, it seems, I mean, whatever else she could do, she, I mean, when she refused the stay, she was essentially dismissing the case. Oh, I completely agree. And Regala does seem even more directly on point than Hunt does. So why, why complicate matters? We have to go through all the different orders, or if we just held that, would that be sufficient? That would be completely sufficient because Reynaga, CMKM, and Diamonds make very clear if a motion disposes of a claim or a defense, that motion cannot be determined by a magistrate judge. And that's what the denial of the motion to stay did here. Now, is that a constitutional issue, or is it a separation of powers issue? This Court, in most of the precedents that we cited, discusses it in the context of Article I powers versus Article III powers. The Court has used language about how, when a magistrate judge issues an order that is in excess of their authority, it violates the petitioner's constitutional rights and their right to an Article III review, denial of review by an Article III judge. What about, I mean, one thing that troubles me here is I gather that the petitioner, although he wasn't told this, could have filed an appeal to district court of either the stay order itself when issued, or in the context of the dismissal, R&R, saying don't dismiss it because it shouldn't have, the stay shouldn't have occurred, and so on. Could he have done that? He could have, but I think that it's unfair to hold him to that kind of standard. If you look at the notice of reference in this case, it really only tells the petitioner, who is proceeding pro se in district court, that he could object to R&Rs. It says nothing about any other order. So there's essentially a notice problem, because they are always told that you could object, I think usually R&Rs themselves say you could object to it. That's exactly correct. So he wasn't told, but other than that, he could have done it, and at that point, if he did do it, the district court then could have, I gather according to precedent, treated the purportedly dispositive order as nondispositive and reviewed it as an R&R. That's correct. Why wouldn't a better ruling in terms of the world going forward in the future be that you're supposed to do that, but the judges are supposed to tell you, so this guy didn't have to do it, but in the future, they should just tell you that? Well, I think it would be, I mean, the simple thing would be that in these orders, these nondispositive orders or dispositive order, the petitioner just has to be provided with notice of what their options are. Well, that's what I'm saying. I mean, it seems to me that in these instances in which it isn't clear whether it's a dispositive order or not, it would make a lot more sense to have those things go through the district court than to have them jump the district court and come here. We do have this notice problem in this case, but why don't we, wouldn't we better off in terms of our precedent, just announcing a notice rule, i.e. that the orders should include a statement that if something was treated as dispositive, you don't think it is, you should appeal that too? Well, no. I think that that's correct, that if you were to require the lower courts to provide this sort of notice to the petitioners, one, it would simplify things. It would probably cut down on the number of appeals, and it would also benefit the clients because for my client right now, his case is now delayed two, three, four years. Right, everybody's delayed. Exactly. It doesn't make a lot of sense. Yeah, and the point of the Magistrate-Judge Act is to simplify proceedings, to make things easier on mostly the district courts, but for the federal courts in general. So I think you're exactly right, that if you were to issue that sort of notice requirement or make that a part of this case, then it would clear things up a lot in the courts below. Why are we having this problem to begin with? I mean, we have two cases raising similar issues of Magistrate . . . it's a problem of Magistrate. Judges aren't . . . they're just not fully aware of where their boundaries are? That's what I'm guessing because this is actually the third case that's presented this sort of issue that my office, the Office of the Federal Public Defender, has handled in the past year, and I think it just has to do with the fact that it's sort of an unusual thing to occur. They're different Magistrate judges. Yes. And also, it's both pro se habeas . . . Exactly. And maybe there's just so many of them that they're trying to resolve them . . . I mean, they're trying to do their job in good faith and resolve the cases, but having this kind of Hobson's choice that this Magistrate judge gave to Mitchell is just problematic without review by an Article III judge. I completely agree. And, you know, like I said, I'm not really sure why this is a recurring problem. I know that in a similar context with the dismissal of petitions, this case, I think it was last year in Henderson v. Johnson, was dealing with the issue where Magistrate judges weren't telling petitions that they had the option to file a Ryan's motion before their petition was dismissed as mixed. It was a recurring issue. This Court issued that decision. I haven't seen that issue come up in cases since then. So it might just be the case that this Court has to reaffirm a prior ruling to make sure that the Magistrate judges are aware of it. Your Honors, I'd be happy to answer any further . . . Now, as to . . . this is the only certified question. This is. Underlying it is the question of whether the Ryan's order was correct or not. I gather that your position would be that we should decide that largely because there is some discretion in the district court as to Ryan's order, so it should go back. Exactly. And that's what this Court has done in a lot of these 636 cases. You know, I guess the option is always on the table for this Court as Article III judges to rule on the issue, but the more economic thing and taking into consideration the discretionary issue is just remand for the district court. So unless there are any further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court, I'm Deputy Attorney General Kim Ahrens, appearing on behalf of the Warden. This case is not like the Ray Naga case because in Ray Naga, the petitioner had no opportunity to file a motion for review. The case was ordered closed, and this Court held that the order at issue in that case was a denial of injunctive relief where the court, the magistrate judge granted a stay and then ordered the case closed. Here, the magistrate judge denied the stay and gave the petitioner 30 days to make a decision about whether he wanted to go forward and keep the unexhausted claims in the petition. The amount of stay was tantamount to dismissing those claims because there was no way they were coming back. There was no way he would come back. Certainly, the effect of that was tantamount to a dismissal. However, a motion to amend to add a party could be tantamount. That could be dispositive of a claim. A magistrate judge under the Federal Magistrates Act has authority to hear and determine any pretrial matter except for the eight motions listed in the statute. Now, certainly, that list is not exhaustive. It's not just been interpreted at all. Yes, but there's well-settled... It certainly looks that way, but it's because of Rule 72 and because of prior cases before Rule 72, I guess, it's been interpreted that that list is a non-inclusive list. Certainly, it has. However... Are you disputing that? No, I'm not disputing that at all. However, the motion... It's disputed. So, therefore, the line seems to be the line of dispositive versus non-dispositive. Correct, but the motion must bear some resemblance to that list of motions. And the purpose of the Federal Magistrates Act is to improve the administration of justice by lessening the burden on district judges. Why don't we just let them decide everything? Well, the purpose of the Magistrate Act is to do the job that the state has failed to do for over 50 years. That's why we have a whole magistrate system, because the state doesn't do its job. And it all ends up in our court. Certainly, but this Court only is not aware of the cases that the state handles, because they never reach the Federal Court. And in my experience, the state courts do grant a fair number of habeas petitions. However, here, where the magistrate judge has authority to issue scheduling orders and determine which claims go forward and which claims don't go forward and address issues of discovery and motions to amend... You rely heavily on the SEC versus CMKM-Diamonds case. And it seems clearly to encompass this case, but opposite to the way that you discuss it, because it says several times that a motion to stay a civil proceeding where the effect is not the denial of relief is a non-dispositive motion. The magistrate judge's denial of divorce motion to stay the civil proceedings did not disclose of any claims of defense. It did not effectively deny him any ultimate relief sought. But here, the opposite is the case, and why isn't that just governing? I would submit that neither of the cases are on point, neither Reynaga or CMKM-Diamonds, because in that case, it wasn't dispositive because I believe the request for a stay was to wait until the outcome of a concurrent criminal case. I understand, but it didn't say in this case, it said if it isn't effectively dispositive. Here, it is effectively dispositive. It is effectively dispositive, but it's... So, doesn't the SEC case cover this? The SEC case doesn't cover it because that case held that the denial of a stay was not dispositive, and that was the outcome based on the facts of that case. I know, but cases don't only stand for the facts of the case, and this one has two very clear statements of what its rulings are, and the ruling seems to squarely fit this case. That's correct, but again, a motion to a party that sits silently in a district court and doesn't seek review by a district judge can always go directly, can always argue. That's a different issue, right? Correct. That's the issue that I raised before. Correct. But you're mixing issues up, but that's a different question as to whether it was beyond her authority. I mean, you seem now to be saying, well, it was beyond her authority, but he had to bring it to the district court. Is that what you're saying? That's correct. An argument can be made. Is that correct? Yes, yes. Is that your position then? Is that it was beyond her authority? No, no. No, it's not our position that it was beyond the magistrate's authority. The argument that the denial or the granting of a motion can be dispositive, that argument can be made to any number of motions, such as motions to amend, where there's well-settled authority that a motion to amend is to add a claim or to add a party is not dispositive. And, therefore, it's our position that even if the outcome is dispositive, the motion itself must bear some resemblance to the motions listed in the statute. Because the Rules of Civil Procedure Rule 72 uses that dispositive, non-dispositive nomenclature, the history of that rule reflects that that term was used as a shorthand for referring to the eight motions listed in the statute. And where, in a denial of a stay, where the inevitable effect is to dismiss the claims. I'm not talking about the case now. I'm talking about the claims. Isn't tantamount to a motion to dismiss? Are those claims, not the case? It is tantamount to a motion to dismiss. The language of the statute. Not, for example, one of the motions, which is a motion to dismiss a claim. It's a motion to dismiss an action is how it. But it's undisputed in the case law that a motion to dismiss a claim is dispositive. Are you disputing that? I'm not disputing that. I'm not disputing that. But the magistrate here didn't determine the motion to dismiss. The magistrate merely stated that he wasn't going to stay the case and that if. . . I'm understanding, as everybody did, that that claim was never going to be seen again. Correct. But, again, magistrate judges aren't required to calculate the statute of limitations. And the denial of the stay was based on a misrepresentation by the petitioner who stated he had already filed his state court petition, which he had not. And he had already dismissed his first federal petition. This was a dispositive motion. And we went to your second point, which you brought up a few times kind of out of order. That is, he didn't go to the district court with this problem. How would you deal with that? I mean, in other words, if it were a mistake and it was a dispositive order and the magistrate judge shouldn't have done it, either the dismissal or the stay order or whatever, then what? Do you have to go—if you have an order that is purportedly dispositive but you think it's improperly—it was beyond the magistrate judge's authority, is there any case law that says you have to bring that to the district court? The question of whether it's dispositive. There is case law. The Arnn case addresses it, and the Peretz case addresses it, and hold that there's no—essentially no Article III violation where a party fails to object or seek review because— I think those cases dealt with a question of—I mean, in one case it was a—I can't remember which was which, but one was an assertedly nondispositive order and one was an assertedly dispositive order, but this one is purported to be a dispositive order, but the argument is that it was improperly a dispositive order. So what exactly would you bring to the district court? Where there's a question about whether—and there is no rule. There's a rule saying if it's nondispositive, you file a motion for review. If it's dispositive, it's objections to report and recommendation. So the question is how is somebody supposed to know that they're supposed to—I mean, would it be more orderly, yes, but how is somebody supposed to know that? Parties—when a party files a case, it's part and parcel that you should know the rules of civil procedure and know that there's a mechanism.  It says that the magistrate judge must promptly conduct the required proceedings when assigned to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging conditions of a crime. Then it says that the magistrate judge must enter a recommended disposition, and then you object, but that didn't happen here. There was not a recommended disposition that the stay would be denied. No, and the magistrate clearly believed that the order was nondispositive. Does the magistrate's belief control here, or does Rule 72 control? The Rule 72 should control because there's case law. There's a Ninth Circuit case that says a stay is dispositive, and there's a Ninth Circuit case that says a stay is not. It depends what the stay does, right? Correct. It depends what the effect of the stay is, whether it's dispositive or not. And you would assume that the magistrate judge should know that it's dispositive or not. Actually, the magistrate judge here knew because it knew exactly what it was doing because it forced a choice. Even if that's the case going forward, this court should define a rule that is consistent with the purpose of the Federal Magistrates Act. And there will be cases like Raynaga where a party may not be given a chance to file a motion for review because there's not enough time, but that's not the case here. And so it would be better to, especially where a district court has supervisory authority over the case. This isn't a case where the magistrate judge just stepped into the district judge's shoes. So it would reduce the burden on the district court to go ahead and seek review by the district judge rather than to permit a party to sit silently and wait and then raise the issue for the first time in the Court of Appeals. Well, how could you have a prisoner here who's improprietary? Correct, but the prisoner sought dismissal of his first petition under Rule 41A. He filed a pretty impressive brief requesting a stay under Reins. There's no rule that requires him to do that. Is there any rule? There's no rule, but the Peretz case held that it doesn't change the outcome of whether there's an Article III violation, even if there's no procedure in place. I mean, why isn't one option, the one that I was suggesting before, that we recognize that there hasn't been a rule? We say, well, a much more orderly way to do this is for there to be an appeal to the district court. But he had no way of knowing that, and you should have to tell people that. The court certainly could create such a rule. Because it isn't in Rule 72. You agree with that? It's not in Rule 72. One outcome, perhaps unintended outcome, could be that pro se petitioners file a number, they flood the district court with motions or motions to reconsider, and that could open up a floodgate of motions for review. We've seen motions for review where an extension of time request is granted, provided that no further extensions will be granted. So, prisoners are fairly adept at seeking review by the district judge. You know what the easy way would be to take care of all these matters? Hear them on the merits. Doesn't take that long. But we set up all these hurdles, create all these problems, so that they don't rarely ever get to the merits of a case. That's correct. There's no easy solution. No, I'll stop. Isn't the court- There is, if the state does its job, I think. Look, when it comes to federal habeas, you know how many we see that come out of the federal courts? Rarely, rarely. You know why? Because in the federal court, the judge knows when he gets that criminal case, it's going to be with him or her as long as that person is a judge. It's not going to be left for somebody else to clean up. In the state court, I know in L.A., the case stays with the courtroom. So there isn't that investment of a judge's personal time and care, because a year goes by and they move on to another courtroom. And whatever the mess was, it stays in the old courtroom. So there's no fixed responsibility. And you'll have to look long and hard. But I haven't seen a habeas come out of the federal court involving a federal criminal trial in a long time. And so that's what the problem is. And maybe what the state needs to do, I don't know what the status of the law libraries is in the state system now. But what the state needs is a public defender system that works inside the prison, that can screen those cases, that can advise the prisoners. That's what we need. And you tell me that the state grants a large percentage of these habeas petitions? State matters? I don't know what the percentage is, because sometimes we're ordered to respond, sometimes relief is granted. You don't know? I don't know off the top of my head, Your Honor. Well, you know, if a thousand cases are filed, say, in the central district, state habeas matters, you know what the odds are that probably one or two will ever be granted. It's an infinitesimal number. And a lot of it is because we go through all this work, because they get postcard denials. And we have to decide them on the merits. So we have this whole vast structure involving magistrates. So we have more magistrates now, I think, than district judges. And one of these days, I'm sure, that they're going to look at what they're doing and expand their jurisdiction. So I thought you were going to give me an idea of the number of state habeas petitions that are granted by state courts, but you don't know. I certainly don't. All right. Thank you. I would submit, unless the Court has any other questions. Thank you. Just three things, very quickly, Your Honors. The first is that the forfeiture argument has actually only been raised in the next case. It wasn't raised in this case. So under established rules of appellate procedure, respondent has forfeited the forfeiture argument here. There was some mention of it somewhere along the way that it should have been. Where are you getting all that? It should have been brought to the district court. It was somewhat in passing, but it was there, I think. Well, it wasn't fleshed out the way it was in Bastidas' case. But the two other things are the more important things I'd like to bring up right now. First, Judge Berzon, I think you're right. We need more advisements to the lower courts. These advisements can come in the notice of referral to the magistrate judge and at the end of every order that the magistrate judge issues in a habeas case. In the district court. They always do. And so you can include the same information in an order that's nondispositive or it's questionable whether it's dispositive or nondispositive. Exactly. And that's what this case really comes down to. Rivera-Guerrero talks about what's the practical effect of these motions. And the practical effect in this case is that Mitchell was forced to abandon two of his federal claims. And all he wants at the end of the day is for an Article III judge to review the merits of his claims. And so that's why a remand is appropriate here. The magistrate judge exceeded his authority and an Article III judge in the district court should review the merits. Well, it's the magistrate's going to review them first and file a recommendation report. So it's the magistrates that are doing all the work. Yes. In the real world. Right. But the Article III judge, the district judge, still reviews it de novo. But in this instance, there's no reason to go back to the magistrate judge because the case law would allow the district court to just treat the existing order as an order. Yes. And, you know, what's interesting about this case is we're actually exhausting the unexhausted claims right now. So by the time it gets back to the district court, they should be ready to be reviewed de novo on their merits. A lot of the issues that are raised by this case are going to be mooted. Okay. Thank you very much. We'll go to the next matter, Pablo Bastidas v. Kevin Chappelle.
judges: Pregerson, Wardlaw, Berzon